### MARSCHALL et al. v. EISEN VINEYARD CO.

(City Court of New York, General Term.  November 25, 1892.)

STATUTE OF FRAUDS—SALE OF GOODS—SUFFICIENCY OF MEMORANDUM.
Plaintiffs, wishing to purchase wine from defendant, telegraphed him, "Will you ship us one or two cars sherry?" to which he replied, "Can furnish one, perhaps two, cars sherry, fifty-two and one-half cents, including cooperage, against thirty days' acceptance." Plaintiffs then wired, "At prices quoted, former terms, you can ship two cars by Sunset route." Defendant telegraphed, "Price net, fifty-two and one-half cents, without any rebate. If you understand it that way, answer;" and plaintiffs replied, "If you cannot do better, will accept your terms and price. Ship Sunset, one dollar rate." Held, that the telegrams constituted a sufficient contract in writing to satisfy the statute of frauds.

Appeal from trial term.

Action by August Marschall and others against the Eisen Vineyard Company to recover damages for breach of a contract to sell a car load of wine.  From a judgment entered on a verdict for plaintiffs, and an order denying a motion for a new trial, defendant appeals.  Affirmed.

The contract was evidenced by telegrams which passed between plaintiffs, in New York city, and defendant, in California, and which were as follows:  On June 27th plaintiffs sent to defendant a telegram. "Will you ship us one or two cars sherry?" and on June 27th defendant answered, "Can furnish one, perhaps two, cars sherry, fifty-two and one-half cents, including cooperage, against thirty days' acceptance." On June 28th plaintiffs telegraphed defendant, "At prices quoted, former terms, you can ship two cars by Sunset route." On June 29th defendant sent a telegram, "Price net, fifty-two and one-half cents, without any rebate. If you understand it that way, answer;" and on July 1st plaintiff replied, "If you cannot do better, will accept your terms and price. Ship Sunset, one dollar rate." In a telegram sent July 5th defendant refused to carry out the contract.

Argued before EHRLICH, C. J., and FITZSIMONS and NEWBURGER, JJ.

Douglas & Minton, for appellant.
Rose & Putzel, for respondent.

FITZSIMONS, J.  The telegrams which appear in the appeal book establish a legal contract for the sale by defendant, and the purchase by plaintiff, of a car load of sherry wine.  Taken together, the telegrams contain all the essential elements of a contract, viz. parties, considera-

tion, subject-matter, and assent.　Therefore I say that they establish a legal contract.

The testimony further shows a violation by defendant of said contract and its refusal to carry out the same because the wine was sold to some other person.　The plaintiff's damages because of such violation is clearly established, and the judgment rendered—$475—is fully justified by the testimony submitted, and is therefore affirmed, with costs. All concur.